## BROWN v. BROWN et al.
### No. 1173.

Court of Civil Appeals of Texas. Eastland.
Nov. 3, 1933.

Rehearing Denied Dec. 8, 1933.

James A. Stephens, of Benjamin, and M. F. Billingsley, of Munday, for appellant.

D. J. Brookreson, of Benjamin, for appellees.

FUNDERBURK, Justice.

This suit was brought by J. R. Brown (petition filed May 17, 1932), against F. E. Brown, to recover the amount of certain indebtedness alleged to have been paid by plaintiff to the Federal Land Bank for the said F. E. Brown, and to foreclose a deed of trust lien securing said indebtedness, which, it was alleged, had been duly transferred to plaintiff. Paul Shirley and Glenn Offield were also named defendants; the allegations as to them being: "That they are setting up some pretended claim to said land by virtue of a deed of trust executed by Frank Brown to said defendants; that said deed of trust is inferior and subject to the lien of the plaintiff." The defendants Shirley and Offield filed a plea to abate the suit; the grounds alleged therefor being that they had previously (January 16, 1932) filed a suit in the district court of Foard county covering the same subject-matter and involving the same parties, which was still pending. The suit in Foard county was alleged to be upon a note and for foreclosure of a lien on the same land, that all parties shown by the records of Foard and Knox counties to have any interest in said lands had been made parties defendant "except the Federal Land Bank of Houston *holding a lien subject to which such foreclosure is sought.*" (Italics ours.) It was further alleged that subsequent to the filing of said suit, which was against F. E. Brown and wife, Carma Brown, only, the purported transfer of the lien from the Federal Land Bank to plaintiff, J. R. Brown, had been placed of record, and that thereupon, by amended pleading, the said J. R. Brown had been made a party to said suit, by reason whereof it was alleged that said district court of Foard county had thereby acquired exclusive jurisdiction of all matters and things in controversy in the instant suit. The plea set out in full the amended pleading by which J. R. Brown had been brought into the suit in Foard county, but did not reaffirm or otherwise adopt the allegations in said amended pleading as a part of the plea in abatement. The amended pleading thus set out contains allegations to the effect that J. R. Brown and F. E. Brown conspired, with fraudulent design, to defeat the plaintiffs in said foreclosure suit in Foard county of their said lien in said litigation, and that, in the furtherance thereof, had induced the Federal Land

Bank to believe that J. R. Brown had paid the indebtedness, when in fact the payments were for rental or lease on the land which he used for grazing purposes, and not for his protection from foreclosure of the lien; that the procuring of the transfer of said lien was done for the purpose of attempting to defraud and hinder collection by the plaintiffs in the suit in Foard county of their debt and foreclosure, by reason whereof cancellation of such transfer was prayed.

The court sustained the plea in abatement and dismissed the suit. The judgment recites that the court heard the evidence offered, but a bill of exceptions in the record shows that the court heard no evidence.

The plaintiff, who has appealed from the order of dismissal, assigns as error the action of the court in sustaining the plea in abatement and dismissing the suit.

■■■ The action of the court thus complained of can be sustained, if at all, only upon the ground that the allegations in the plea in abatement were admitted, or that the truth thereof appeared from the allegations in plaintiff's petition. A simple plea in abatement is not one which by any statute is made prima facie evidence of the facts therein alleged, as is the case, for instance, with a plea of privilege. The applicable rule is that "the mere averment of the facts set up in abatement of a suit without proof of them is insufficient unless the truth of the matters alleged appears from the plaintiff's petition." 1 Tex. Jur. p. 181, § 131. Looking to plaintiff's answer to the plea in abatement for possible admissions which would have the effect of dispensing with proof, it will be seen that the most that was admitted was that there was a suit pending in Foard county which was filed January 16, 1932. The only facts alleged in plaintiff's petition in the instant suit which could relieve appellees Shirley and Offield to any extent from making proof in support of their plea in abatement are those showing the nature of the instant suit—a matter as to which the court would perhaps have taken judicial knowledge anyway. There was therefore no evidence that the same causes of action were involved in the two suits, nor that, at the time of the filing of the instant suit, were the parties the same. If it can be contended that the allegations in the amended pleading in the suit in Foard county, as said pleading was set out in the plea in abatement, could be regarded as allegations of the plea in abatement, then there was wholly wanting any evidence of the fraud therein alleged.

But let us assume that the acts claimed to constitute fraud had been proved, it still would not, in our opinion, have authorized abatement of the suit. The transaction claimed to be fraudulent, if it constituted a cause of action, was entirely separate and distinct from the only cause of action asserted in the Foard county suit. The plea in abatement itself acknowledged that the lien held by the Federal Land Bank was a superior lien and that the foreclosure sought in Foard county was subject thereto. The same would necessarily be true of that lien when held by any one else by assignment from said bank. The cause of action which by amendment of the pleadings was subsequently to the filing of this suit in Knox county attempted to be set up in the suit in Foard county against J. R. Brown is an entirely distinct cause of action from that originally alleged. To the cause of action originally alleged, J. R. Brown was neither a necessary nor proper party. To bring him into the Foard county suit, it was necessary to add to the pending suit a new cause of action and a new party. Before this was attempted, assuming that it could have been done, the district court of Knox county in the instant suit took jurisdiction of the matter involving that cause of action and will retain it, to the exclusion of the Foard county court.

To us it seems clear that the court erred in sustaining the plea in abatement and thereupon dismissing the case, that said judgment should be reversed and the cause remanded, which is accordingly so ordered.